**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARQUE GARDELEY,

Plaintiff

v.

JAMES DZURENDA, et al.,

Defendants

Case No.: 3:24-cv-00325-MMD-CSD

**Order**

Re: ECF No. 50

Defendants have filed a motion to strike Plaintiff's filing at ECF No. 49. (ECF No. 50.) Plaintiff did not file a response to this motion.

## I. BACKGROUND

This 1983 case involves Plaintiff's single Fourteenth Amendment Equal Protection claim that alleges Ely State Prison staff denied Plaintiff ADA accommodations based on his race. Defendants filed a motion for summary judgment. (ECF No. 44.). Plaintiff filed a response. (ECF No. 46.) Defendants filed a reply. (ECF No. 47.) Plaintiff then filed an "additional response" against the motion for summary judgment. (ECF No. 49.)

Defendants move to strike ECF No. 49 because they allege it is an improper "sur-reply" to Defendants' motion for summary judgment.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. *See* Fed. R. Civ. P. 12(f). While motions to strike are disfavored, courts also have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations

omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

The court notes that Plaintiff already filed a response to Defendants' motion for summary judgment so Plaintiff's "additional response" (which appears to be a sur-reply) is not permitted without leave of court. *See* LR s7-2(b). Plaintiff did not seek leave of court to file a sur-reply, and he did not respond to the motion to strike it. Plaintiff's sur-reply violates the Local Rules of Practice for this court so the court strikes the filing as a sanction for the violation.

For these reasons, Defendants' motion to strike ECF No. 49 will be granted.

## III. CONCLUSION

Defendants' motion to strike Plaintiff's filing at ECF No. 49 (ECF No. 50) is **GRANTED**. The Clerk shall **STRIKE** ECF No. 49.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Craig S. Denney
United States Magistrate Judge